PALATINE INSURANCE COMPANY *v.* SMITH McKINNON & SON.

[75 South. 564, Division B.]

INSURANCE. *Fire insurance. Additional insurance clause. Waiver.*
A provision in a fire insurance policy that it should be void if insured should procure any other insurance on the property in excess of one thousand dollars, is not waived by the insurer's agent offering insured an additional policy of another company for a greater amount than permitted by the first policy, where neither the insurer nor the agent knew that additional insurance had been taken out by insured after the fire, and insured was fully aware that he was bound by his contract.

APPEAL from the circuit court of Choctaw county.
HON. H. H. RODGERS, Judge.

Suit by Smith McKinnon & Son against the Palatine Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Arminstead,* for appellant.

The provision in the contract sued on and pleaded in this case "that the entire policy, unless otherwise provided by agreement endorsed hereon or added hereto,

shall be void if the assured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered, in whole or in part, by this policy,'' is a part of the contract sued on, and valid by all the decisions of all the courts that we have seen, including the Mississippi courts, and is effective to defeat a recovery on the policy, unless it has been in some manner waived by the general agent of the insurance company, as will appear from the authorities hereafter discussed.

Counsel for appellees in their suggestion of error fail to call the court's attention to the two lines of decisions on what is the duty of an agent of an insurance company when he comes into possession of knowledge that an assured is violating his policy, and counsel also failed to call the court's attention to what constitutes a waiver at the time of the issuance of the policy, and what are the rights of the respective parties to the contract after the issuance of the policy. Some courts hold that if the general agent of the insurance company who issued the policy and had power to make the contract is advised that an assured has violated his policy, that it becomes the duty of such agent to cancel his policy or the forfeiture will be waived. Such is the line of decisions from which counsel for appellees state the case of *Westchester Fire Insurance Co.* v. *Earl,* 33 Mich. 149. A great number of courts, including the Mississippi court, take an opposite view, and hold that if at the time the policy is issued the general agent of the insurance company having power to make the contract is advised of facts different from the requirements of the insurance contract; that requirement of the contract issued will be waived, but after the policy has been issued, Mississippi, with a great number of courts holds that it is not the duty of the insurance company to see that an assured does not violate his contract; in other words, all the duty of preserving the rights of the re-

spective parties to the insurance contract does not rest alone on the insurance company; that the insurance company is not the guardian of its policyholder, that the same law applies to the policyholder that applies to the insurance company.

The case of *Insurance Company* v. *Scales,* 71 Miss. at the bottom of page 780, the court passing on the question of whether or not the knowledge of the general agent of the company that a house insured by his agent had become unoccupied after the issuance of the policy required such agent to cancel his policy or waive the forfeiture, as was held in the *Earl case* cited in the suggestion of error, 33 Mich. 149, held exactly to the contrary, and said:

"The company was not bound to notify the insured of the unoccupied condition of the house, if it actually knew. There was silence, and that is never ground for estoppel, except where it is a fraud, which cannot be predicated of this silence. The agent had a right to be silent and give no notice as to the unoccupied condition of the house. It was no part of his business as agent of the company to keep policies from being avoided by a violation of their conditions whatever obligations he may have assumed by his engagement to the assured, as to which engagements he could not bind the insurers."

This case clearly distinguishes Mississippi's rule of law from the *Earl case,* in 33 Mich. cited by counsel in their suggestion of error. Again the supreme court of Mississippi in *Insurance Association* v. *Matthews,* 65 Miss. 313, opinion by Judge CAMPBELL, said:

"If the court can affirm confidently that the assured should not, as a reasonable person, have been misled, it is not left to the jury; it should be decided by the court. Where it appears that the insured was not misled, all idea of waiver is excluded."

Waiver has been defined by the supreme court of Mississippi, in the case of *K. of P.* v. *Quin,* 78 Miss. 525-531, as follows:

"A waiver is defined to be the intentional relinquishment of a known right and it implies an election of the party to forego some advantage he might have at his option insisted upon. There must be both knowledge of the existence of the right and an intention to relinquish it."

Now, we ask the court, in view of these definitions, how in the name of high heaven could it be insisted that this man McKinnon, who testified at the bottom of page 20 of the record and the top of page 21 that he did not claim that McWhorter had any knowledge of this additional insurance, and he would not swear that he had any such knowledge, that McWhorter could, under that state of fact, have waived something he didn't know anything about? In support of the holding in the *Scales case,* 71 Miss. *supra,* we cite the court to the case of *Petit et al.* v. *German Insurance Company,* 98 Fed. 800 and at page 803. *Fisher* v. *London L. & Fire Insurance Company,* 83 Federal, at page 807; *Insurance Co.* v. *Gunter,* 116 U. S. 113; *West End Hotel & Land Company* v. *American Fire Insurance Company of New York,* 74 Fed. 117-118; *Imperial Fire Insurance Company* v. *Coos County,* 115 U. S. 462, 14 Sup. Ct. 397; *Phoenix Insurance Company* v. *Dorsey,* 102 Miss. 87; *pany,* 16 Peters, 495 at page 510.

But, be these considerations as they may, we see no *Carpenter* v. *Providence-Washington Insurance Company,* reason, why, as these clauses are a known part of the stipulations of the policy, they ought not to receive a fair and reasonable interpretation according to their terms and obvious import. The insured had no right to complain, for he asserts to comply with all the stipulations on his side, in order to entitle himself to the benefit of the contract, which upon reason or principle, he has no right to ask the court to dispense with the performance of his own part of the agreement and yet to

bind the other party to obligations which but for those stipulations, would not have been entered into.

*J. M. Vardaman,* for appellee.

The main contention of counsel for appellant in this case is that this policy was avoided when appellees took out the additional insurance in the Home Insurance Company and that there was no waiver on the part of the agent for the Palatine Insurance Company (appellant here) of this prohibitory clause. The two principal witnesses on the question of waiver are McKinnon, one of the plaintiffs in this case, and McWhorter, agent for the defendant company. McKinnon testifies that McWhorter had written him some other insurance and that he returned the policies to him, stating that he was going to give his insurance business to Gladney. McWhorter, it seems, had written plaintiffs twenty-five hundred dollars additional insurance on their stock of goods and when they attempted to deliver the policy, plaintiffs advised them that they had taken the same insurance with Mr. Gladrey, to which McWhorter tacitly agreed. From the evidence in this case it appears that McWhorter, the agent for the appellant, had written an additional policy on the stock of goods of appellees for twenty-five hundred dollars, but that same had been cancelled by appellee Surely, if this policy had been the additional insurance in force instead of the Home policy, appellant would not raise this question, since their agent had written the adtional insurance. After McWhorter had written this policy and appellees had advised him that they had given this insurance to another agent and he had agreed to such action on their part, we respectfully submit that the actions of the agent McWhorter are such as to constitute a waiver of the clause prohibiting additional insurance. The witness McKinnon states that he did not, in exact words, tell McWhorter all the details of procuring the insurance, the policy number, etc., but the conversation was

such that a reasonable man would believe that he knew of the additional insurance and consented to it. When McWhorter testified he stated that he did not remember the conversation as testified to by McKinnon but that he would not swear that it did not occur.

We submit that the action of the agent McWhorter in offering to write an additional twenty-five hundred dollar insurance on the stock of goods of appellee and his conversation with the appellee McKinnon regarding the insurance was such as to constitute a waiver of the clause in the policy prohibiting the additional insurance. We submit that the question as to whether or not there had been a waiver of this clause was a question to be determined by the jury, and it having been left to the jury for their decision, that their verdict cannot be disturbed. There is no question here as to the goods being worth the amount of the verdict, and we most respectfully submit that the appellant cannot be heard to complain simply because the verdict is not in its favor. We ask that the case be affirmed.

Cook, P. J., delivered the opinion of the court.

This is a suit instituted in the circuit court of Choctaw county by Smith, McKinnon & Son against the Palatine Insurance Company on an insurance policy issued on the 21st day of October, 1914, and running for one year, to the 21st day of October, 1915, for the sum of fifteen hundred dollars. This policy was issued by M. C. McWhorter & Co., agents of the Palatine Insurance Company at Ackerman, Miss. It contained permission in the face of the policy for the assured to have additional insurance of one thousand dollars. The policy being for fifteen hundred dollars, it permitted the assured to carry insurance up to twenty-five hundred dollars. The policy contained the iron-safe clause and the warranty to take inventories and keep books and produce them after the fire. The defendant insurance company filed a plea of the general issue and notice thereunder, in which it set up the defense

that the plaintiffs in the court below (appellees here) had violated the iron-safe clause attached to the policy, and that they had also violated the provisions of the policy contained in lines 11 to 13, inclusive, which provided that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

And defendant further gave notice that the policy sued on for fifteen hundred dollars, covering on appellee's stock of goods, was dated the 21st day of October, 1914, and ran for one year, to the 21st day of October, 1915, and that the plaintiff, in violation of the express provisions set forth in the policy sued on, on the 23d day of January, 1915, and during the life of the policy sued on, obtained from the Home Insurance Company of New York its policy No. 46 for the sum of twenty-five hundred dollars, covering on the same stock of goods insured by this appellant, which insurance of twenty-five hundred dollars the appellant's policy expressly prohibited, whereby the terms of the policy sued on became void. In reply to this notice, the appellees (plaintiffs below) filed a counter notice in which it was alleged that the policy for twenty-five hundred dollars, taken out in the Home Insurance Company of New York as additional insurance was done with the consent of the appellant, and that thereby the appellant had waived the right to object to the same.

We will discuss but one point in this case, as a decision upon that point will dispose of this appeal.

The contract between the parties provides that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

It is admitted that the insured procured another contract of insurance upon the property covered by this policy, and that no agreement for such additional insurance was indorsed on the policy. The additional insurance procured amounted to twenty-five hundred dollars, while the policy sued on permitted only one thousand dollars additional insurance. The policy sued on was written by Mr. McWhorter, the agent of the company at Ackerman, and the additional insurance was written by Mr. Gladney, the agent at Weir of the Home Insurance Company of New York. The plaintiff in the trial court seems to have proceeded upon the theory that Mr. Gladney, who wrote the additional insurance, was also the agent of the Palatine Company, defendant below. As a matter of fact, however, Mr. Gladney was not the agent of the defendant company. It appears that Mr. McWhorter, the agent of the defendant, had issued additional policies upon the same stock of goods and mailed same to the insured; that the additional insurance so written by Mr. McWhorter were contracts of insurance by other companies represented by Mc-Whorter, and not the defendant company. The policy so tendered by McWhorter was for three thousand dollars, while the policy in this suit permitted only one thousand dollars additional insurance.

The insured returned the policy for additional insurance to McWhorter, declining to accept same. The insured testified that when he returned the policy he told Mr. McWhorter that Mr. Gladney lived at Weir, his home town, and he had promised to give him some of his business.

The record does not disclose that Mr. McWhorter knew the amount of the policy written by Mr. Gladney; but it does show, we think, that Mr. McWhorter was advised that the insured intended to secure additional insurance from Gladney, and that McWhorter did not raise any objection to it—he was silent so far as the record shows.

As we understand the contention of appellee, it is about this: That McWhorter, the agent of the company, had, as the agent of other insurance companies, tendered to appellee an insurance policy for twenty-five hundred dollars, additional insurance; that he was then informed that the insured was going to give Mr. Gladney some of his business, and said then that he did not blame the insured. From this, appellee insists that appellant, through its agent, waived the additional insurance in excess of the amount stipulated in the policy; that the action of its agent, acting for other underwriters, had offered the excess additional insurance; and that he thereby estopped the appellant from claiming the forfeiture.

. It is not claimed that McWhorter knew anything about the policy written by Gladney. It is claimed that he was notified that the insured was going to give Gladney some of his business; and, inasmuch as McWhorter had offered to write the additional insurance, appellant is estopped to claim the forfeiture.

Suppose we say that McWhorter was informed, after the event, that the policy in question had been written by Gladney, and that he did not notify the insured that he had forfeited his policy, would his silence work an estoppel against appellant? It seems very doubtful.

To sustain the plea of waiver or estoppel in this case, we will have to go much further. McWhorter was not acting for appellant when he tendered the additional insurance but we can see some reason for saying that, had the insured accepted the contract tendered, appellant would be estopped to plead a forfeiture; but it does not appear that McWhorter was advised of the excess additional insurance, but quite the contrary. It seems evident that the insured has forfeited his contract, through ignorance, no doubt; but it would be going far to destroy the obligations of plainly written contracts upon a slender thread of imputation of knowledge and a supposititious

duty on the part of one party to a contract to carefully supervise the action of the other party to the contract.

Did Mr. McWhorter waive the additional insurance clause by offering the insured a policy of another company for a greater amount than permitted by contract? We think not.

Did the policy tendered by McWhorter and refused by the insured create an implied waiver of the limited additional insurance clause? We think not.

The evidence does not show that appellant or its agent knew that any insurance had been taken out by appellee, other than the policy sued on, until ater the fire.

Lastly, appellee was evidently fully aware that he was bound by his contract, and he asked Mr. Gladney to notify Mr. McWhorter of the policy written by Gladney. Gladney failed to notify McWhorter.

*Reversed and dismissed.*